UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWIN L. COLEMAN, | ) | Case No. 3:10CV1557 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE DAN AARON POLSTER |
| | ) | (Mag. Judge McHargh) |
| WARDEN, Warren Corr. Inst., | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM |
| | ) | AND OPINION |
| | ) | |

McHARGH, Mag.J.

The petitioner Edwin L. Coleman ("Coleman") has filed a petition for a writ of habeas corpus pro se, arising out of his 2007 convictions for kidnapping and felonious assault, in the Allen County (Ohio) Court of Common Pleas. In his petition, Coleman raises six grounds for relief:

1. Petitioner's Fourth Amendment rights [were] violated due to [an] unlawful search and seizure.

2. Petitioner's Due Process rights were violated by use of tainted or otherwise [fabricated] evidence.

3. Due process violated and Fifth Amendment [violated] as petitioner was not given notice by way of unlawful indictment.

4. Petitioner was subject to Double Jeopardy in violation of his federal constitutional rights.

    5. Petitioner was denied ineffective assistance of counsel.

    6. Petitioner was denied assistance of Appellate Counsel for not arguing that his indictment for Kidnapping was defective.

(Doc. 1, § 12.)

The respondent has filed a return, arguing that the petition should be denied. (Doc. 8.)

## APPOINTMENT OF COUNSEL

There is no constitutional or statutory right to counsel in habeas proceedings, except for those prisoners under a capital sentence. Morris v. Dormire, 217 F.3d 556, 558 (8th Cir.), cert. denied, 531 U.S. 984 (2000) (citing 28 U.S.C. § 2261). See also Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003) (citing McCleskey v. Zant, 499 U.S. 467, 495 (1987)); McKethan v. Mantello, 292 F.3d 119, 123 (2d Cir. 2002); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

However, a district court may appoint counsel for a habeas petitioner when "the interests of justice so require." Hoggard, 29 F.3d at 471 (citing 18 U.S.C.A. § 3006A(a)(2)). The decision whether to appoint counsel is left to the sound discretion of the district court. Morris, 217 F.3d at 558-559. The appointment of counsel is discretionary when it has been determined that no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471; Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991), cert.

denied, 503 U.S. 988 (1992).  Federal courts have not developed a uniform approach to motions for appointment of counsel.

In McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a district court when it evaluates whether a petitioner needs court appointed counsel.  These include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel."  See also Hoggard, 29 F.3d at 471 (same).  In Sellers v. United States, the district court considered "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case."  Sellers v. United States, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004).

Although Coleman is not a lawyer, most of those filing habeas petitions are not attorneys.  The court recognizes that most pro se inmates have limitations on their ability to conduct legal research.  The issues raised by Coleman in his petition are not particularly complex, within the realm of habeas corpus.

The motion for appointment of counsel (doc. 14) is DENIED.

IT IS SO ORDERED.

Dated:  Mar. 28, 2011                   /s/ Kenneth S. McHargh
                                        Kenneth S. McHargh
                                        United States Magistrate Judge