UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWIN L. COLEMAN, ) | Case No.  3:10 CV 1557 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| WARDEN, Warren Corr. Inst., ) | |
| ) | |
| Respondent. ) | |

On March 7, 2011, following Respondent's filing of the Return of Writ in this § 2254 habeas case, Petitioner Edwin L. Coleman filed a Motion for Appointment of Counsel, presumably to represent him in filing a traverse.  (Doc #: 13.)  The Magistrate Judge, to whom this case was automatically referred for preparation of a Report and Recommendation under L.R. 72.2(b)(2), reviewed the Motion, cited the relevant standard to be applied to such motions, analyzed the Motion and denied it.  (Doc #: 15.)  Specifically, the Magistrate Judge found that the issues raised by Coleman were not particularly complex, most inmates have limitations on their ability to conduct legal research, and most prisoners who represent themselves in habeas cases are not educated attorneys.  (Id. at 2.)  Coleman has now filed an appeal of the Magistrate Judge's ruling to this Court which may otherwise be treated as an objection.  (Doc #: 16.)

Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483 (1969); *Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir.

1993), *Holt v. Lafler*, No. 1:08 CV 295, 2010 WL 3341515, at *3 (W.D. Mich. Aug. 23, 2010). The statutory basis for appointment of counsel for habeas prisoners under 28 U.S.C. § 2254 is found in 18 U.S.C. § 3006A. That section permits such appointment only when the Magistrate Judge or the district court determines that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). In order to determine whether justice requires appointment of counsel, courts consider the merits of the petitioner's claims, the complexity of the factual and legal issues, and the petitioner's ability to present his case. *Salerno v. Michigan*, No. 1:05 CV 344, 2007 WL 2214516, at *6 (W.D. Mich. Jul. 27, 2007) (citing *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985)). Such appointment is within the court's discretion. *Lavado*, 992 F.2d at 604; *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996).

The Court has reviewed the petition, the six grounds for relief and the entire record and agrees with the Magistrate Judge's conclusion that the assistance of counsel does not appear necessary to the proper presentation of Coleman's case. Coleman has failed to show that the issues are of a factual or legal complexity that would warrant the appointment of counsel and, although he has not as yet succeeded on the issues, has thusfar been sufficiently able to articulate his position on them. Accordingly, the appeal/objection is hereby **DENIED**.

    **IT IS SO ORDERED.**

    */s/Dan Aaron Polster 4/15/11*
    **Dan Aaron Polster**
    **United States District Judge**