UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


EDWIN L. COLEMAN,    ) 3:10CV1557
            )
    Petitioner   ) JUDGE DAN AARON POLSTER
            ) (Magistrate Judge Kenneth S. McHargh)
    v.       )
            )
[MICHAEL SHEETS],    )
    Warden,    )
            )
    Respondent  ) REPORT AND RECOMMENDED
            ) <u>DECISION OF MAGISTRATE JUDGE</u>


McHARGH, MAG. J.

   The petitioner Edwin L. Coleman ("Coleman") has filed a petition pro se for a writ of habeas corpus, arising out of his 2007 convictions for kidnapping and felonious assault, in the Allen County (Ohio) Court of Common Pleas.  In his petition, Coleman raises six grounds for relief:

   1.  Petitioner's Fourth Amendment rights were violated due to a[n] unlawful search and seizure.

   2.  Petitioner's Due Process rights were violated by use of tainted or otherwise fibericate [sic] evidence.

   3.  Due process violated and Fifth Amendment violated as petitioner was not given notice by way of unlawful indictment.

   4.   Petitioner was subject to Double Jeopardy in violation of his federal constitutional rights.

   5.  Petitioner was denied ineffective  [sic] assistance of counsel.

   6.  Petitioner was denied assistance of Appellate Counsel for not arguing that his indictment for Kidnapping was defective.

(Doc. 1, at § 12.)  The respondent has filed an Answer/Return of Writ (doc. 8), and

Coleman has filed a Traverse (doc. 20).


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> Appellant was indicted on one count of kidnapping and one count of
> felonious assault.  At trial, the State presented the victim's testimony
> that appellant forced her into the basement where he tied her hands
> and legs and then tied her to a cot, threatened her and repeatedly
> burned her with a cigar.  The State also presented photographs of the
> victim's injuries, indicating burn marks she claimed were caused by
> appellant.  In addition, items were found in the basement of
> appellant's apartment which the victim had described were used to tie
> her, i.e. a rubber tire inner-tube, a phone cord, and a shoelace, and a
> cot was found there.  A jury found appellant guilty of both charges.
> Following the trial, the trial court sentenced appellant to ten years in
> prison on the kidnapping conviction and a consecutive eight-year
> sentence on the felonious assault conviction.  The sentences were
> ordered to be served consecutive to the sentence appellant was serving
> for his parole violation.

(Doc. 8, RX 13, at 2.)

On Mar. 12, 2008, counsel for Coleman filed a brief on direct appeal,

pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues:

1.  Whether the jury verdict is supported by sufficient evidence.

2.  Whether the maximum and consecutive sentences were contrary to
law.

(Doc. 8, RX 11.)

On Jan. 16, 2009, Coleman filed a merit brief per se, raising five assignments

of error:

1.  To show unlawful entry and unlawful access and illegal search and seizure by Adult Parole Authority.

2. The use of tainted evidence.

3.  The errors of the indictment.

4.  To show double jeopardy.

5.  To show ineffective counsel in trial court and in appeal case.

(Doc. 8, RX 12.)

On March 19, 2009, after reviewing the record, and both briefs, the court of appeals found no merit to the arguable issues raised by appellate counsel  (Doc. 8, RX 13, at 2-3.)  In addition, the court stated:

> "Only after the appellate court finds no nonfrivolous issue for appeal [i.e. no arguable issue], may the court proceed to consider the appeal on the merits without assistance of counsel."  Penson v. Ohio (1988), 488 U.S. 75, 80.  In response to counsel's Anders brief, appellant has filed a brief in which he raises five assignments of error.  However, our review of the record reveals that appellant consented to a warrantless search of his residence as a condition of his parole supervision. Appellant's arguments concerning both the admissibility of the evidence seized from his residence and trial counsel's efforts to challenge this evidence are without merit.  We also find no merit in appellant's arguments regarding the denial of his pro se motion to dismiss the indictment and double jeopardy.  Lastly, there is no arguable basis in fact or law for his claim that he received ineffective assistance of counsel.  Accordingly, the court finds all of appellant's assignments of error to be without merit.

(Doc. 8, RX 13, at 3.)  The court found no arguable issue in the appeal, and declared it wholly frivolous.  The appeal was dismissed.  Id.

Coleman appealed that judgment to the Supreme Court of Ohio, raising five propositions of law:

3

1.  To show unlawful entry and unlawful access and illegal search and seizure by Adult Parole Authority.

2.  The use of tainted evidence.

3.  The errors of the indictment.

4.  To show double jeopardy.

5.  To show ineffective counsel in trial court and in appeal case.

(Doc. 8, RX 15.)  On Sept. 16, 2009, the Supreme Court of Ohio denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 8, RX 16.)

While that appeal was pending, Coleman filed an application to reopen his appeal on June 16, 2009.  Coleman argued that appellate counsel was ineffective for failing the raise the following issue:

> By failing to charge any level of mens rea for the kidnapping, under R.C. 2905.01(A)(3), the indictment failed to properly charge Mr. Coleman and failed to give him notice of the charges against him.  This error violated Mr. Coleman's constitutional rights to an indictment by a grand jury and to due process.  Section 10, Article 1, Ohio Constitution; Section 16, Article 1, Ohio Constitution; the Due Process Clause; State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917; (Indictment, April 12, 2007, Count One).

(Doc. 8, RX 17, at 2.)

The state court of appeals found that appellate counsel cannot be considered ineffective for failing to raise that issue "when the indictment included a mens rea element – one of the statutorily specified purposes contained in the kidnapping statute."  (Doc. 8, RX 18, at 1.)  The court denied the application to reopen.  Id. at 2.

4

Coleman appealed to the Supreme Court of Ohio, setting forth a single

proposition of law:

> By failing to charge any level of mens rea for the kidnapping, under
> R.C. 2905.01(A)(3), the indictment failed to properly charge Mr.
> Coleman and failed to give me notice of the charges against me.  This
> error violated Mr. Coleman's constitutional rights to an indictment by
> a grand jury and to due process.  Section 10, Article 1, Ohio
> Constitution; Section 16, Article 1, Ohio Constitution; the Due Process
> Clause; State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d
> 917; (Indictment, April 12, 2007, Count One).

(Doc. 8, RX 20, at 3.)  On Nov. 4, 2009, the Supreme Court of Ohio denied leave to

appeal and dismissed the case because it did not involve any substantial

constitutional question.  (Doc. 8, RX 21.)

Coleman filed a petition for a writ of habeas corpus in this court on July 14,

2010.  (Doc. 1.)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)

> "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Coleman has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993)

6

(strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  FOURTH AMENDMENT CLAIM

The first ground of Coleman's petition involves an alleged violation of the Fourth Amendment.  The respondent argues that the alleged Fourth Amendment violation is not cognizable in federal habeas.  (Doc. 8, at 9-11.)

The United States Supreme Court held in Stone v. Powell that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Abdul-Mateen v. Hofbauer, 215 F.3d 1325, 2000 WL 687653, at *3 (6th Cir. 2000) (TABLE, text in WESTLAW), cert. denied, 531 U.S. 933 (2000) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)); Moore v. Wilson, No. 5:07CV0537, 2008 WL 3852141, at *3 (N.D. Ohio Aug. 18, 2008).  Although Stone predates the AEDPA, it continues to govern Fourth Amendment habeas claims.  Smith v. Bradshaw, No. 5:04CV1235, 2006 WL 2233211, at *4 (N.D. Ohio Aug. 3, 2006).

In applying Stone, the district court considers two factors.  Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982).  First, does the state provide a procedure which gives the petitioner an opportunity to raise a Fourth Amendment claim?  The Sixth Circuit has ruled that Ohio's procedures are

7

adequate in this regard.  Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *4; Moore, 2008 WL 3852141, at *7 (citing Riley).

The second factor is whether presentation of the Fourth Amendment claim was frustrated because of a failure of the state's procedures.  Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *3.  Here, Coleman had the ability to fully and fairly litigate his claim.  He filed a motion to suppress, although he chose to focus on another issue, received a hearing on the motion, and had recourse to appellate review.  (Doc. 8, RX 4-5.)  See Riley, 674 F.2d at 526.

In addition, Coleman raised the issue of the alleged unlawful entry, and illegal search and seizure, by Adult Parole Authority, on direct appeal.  (Doc. 8, RX 12, 15.)  The state court ruled that "appellant consented to a warrantless search of his residence as a condition of his parole supervision."  (Doc. 8, RX 13, at 3.)  The court found his arguments concerning the admissibility of the evidence seized from his residence to be without merit.  Id.

Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas corpus relief may not be granted.  Stone, 428 U.S. at 494; Abdul-Mateen, 2000 WL 687653, at *3; Riley, 674 F.2d at 526.  Coleman had the opportunity to receive a full and fair review, thus he is not eligible for habeas relief on his Fourth Amendment claim.  The petition should not be granted on the basis of the first ground.

## IV.  "TAINTED" EVIDENCE

The second ground of the petition is:  "Petitioner's Due Process rights were violated by use of tainted or otherwise fibericate [sic] evidence."  The supporting facts are stated as:  "Law Authorities admitted that evidence obtain[ed] from suspect's residence were unable to be tested."  (Doc. 1, at § 12.)

The respondent urges the court to dismiss this ground as "a non-supported conclusory allegation," because it is not pled with specificity.  (Doc. 8, at 11.) However, the court must liberally construe the pleadings filed by a pro se habeas petitioner.  Urbina, 270 F.3d at 295.

Coleman raised this issue in his second assignment of error on direct appeal in the state courts in the following manner:

> The Adult Parole Authority obtained evidence out of Appellant's home through unlawful entry; unlawful access and illegal search and seizure.  Regarding the evidence obtained from Appellant's home, Appellant filed a motion with the courts for evidence to be tested for prints and D.N.A.  * * * * * the prosecuting attorney informed the court that the "Lima Police Department and the Bureau advised that the evidence obtained from the Appellant's home was tainted and unable to test.

(Doc. 8, RX 12, at 10.)  Coleman argued that the use of "tainted evidence, and evidence with no scientific or probative value only serves to prejudice a defendant." Id. (citing McKinley v. City of Mansfield, 404 F.3d 418 (6th Cir. 2005)).  The court of appeals rejected his arguments.  (Doc. 8, RX 13.)

It is Coleman's burden to establish that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal

9

law, as determined by the Supreme Court of the United States.  McKinley was a

Sixth Circuit decision in a Section 1983 suit, which involved, on appeal, two claims:

> 1) that Defendants maliciously prosecuted him in violation of the Fourth Amendment; and (2) that Defendants violated his Fifth Amendment "rights to be free from self incrimination" by compelling him in the second interview to make incriminating statements as to falsification and obstruction, which statements were later used at his trial for those crimes.

McKinley v. City of Mansfield, 404 F.3d 418, 426 (6th Cir. 2005), cert. denied, 546

U.S. 1090 (2006).  The relevance of McKinley to Coleman's claim that the evidence

against him was unconstitutionally admitted (because it could not be subject to

DNA or fingerprint testing) is not clear to the court.

However, as the respondent points out, the "clearly established rule" is that

alleged errors of state law, "especially rulings regarding the admission or exclusion

of evidence," are not generally within the purview of a federal habeas court.  Cooper

v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988).  See also Estelle v. McGuire, 502 U.S.

62, 69-70 (1991); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.), cert. denied, 540

U.S. 930 (2003).  This court must presume that the Ohio state courts correctly

interpreted Ohio evidence law in their evidentiary rulings.  Small v. Brigano, No.

04-3328, 2005 WL 1432898, at *5 (6th Cir. June 17, 2005).

Alleged state court errors of evidentiary rulings do not rise to the level of

constitutional claims warranting habeas relief "unless the error renders the

proceeding so fundamentally unfair as to deprive the petitioner of due process under

the Fourteenth Amendment."  Broom v. Mitchell, 441 F.3d 392, 406 (6th Cir. 2006),

cert. denied, 549 U.S. 1255 (2007).  See also Bugh, 329 F.3d at 512.  Courts have

defined the category of errors that are fundamentally unfair very narrowly.  Bugh,

329 F.3d at 512.  Coleman has not made the case that his claim fits within this

narrow category.

Coleman has failed to establish that the state court decision was contrary to,

or involved an unreasonable application of, clearly established federal law, as

determined by the Supreme Court.  The petition should not be granted on the basis

of the second  ground.


## V.  INDICTMENT

The third ground of the petition is that the indictment did not properly

charge Coleman with kidnapping because it omitted the mens rea element, in

violation of due process and the Fifth Amendment.

The respondent points out that Coleman failed to object to the indictment at

the pre-trial stage or during the trial proceedings.  (Doc. 8, at 12.)  In addition, as

stated earlier, the state court in ruling on Coleman's claim of ineffective assistance

of appellate counsel found that "the indictment included a mens rea element – one

of the statutorily specified purposes contained in the kidnapping statute."  (Doc. 8,

RX 18, at 1.)

Ohio courts have found that a defendant who fails to object to an indictment

before trial, as required by Ohio Crim.R. 12(C) has waived any objection, in the

absence of a showing of plain error.  See, e.g., State v. Joseph, 73 Ohio St.3d 450,

11

455, 653 N.E.2d 285, 291 (1995), cert. denied, 516 U.S. 1178 (1996) (waiver; no challenge to sufficiency of indictment before or during trial).

The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal habeas review.  Biros v. Bagley, 422 F.3d 379, 387 (6th Cir. 2005), cert. denied, 549 U.S. 853 (2006) (claim procedurally defaulted where there was no objection to sufficiency of indictment).

The U.S. Supreme Court has stated that, generally, "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings."  Knewel v. Egan, 268 U.S. 442, 446 (1925).  The sole Constitutional issue is whether the indictment provides the defendant with sufficient information of the charged offense, to enable him to defend himself against the accusations.  Roe v. Baker, 316 F.3d 557, 570 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003); Blake v. Morford, 563 F.2d 248, 250 (6th Cir. 1977), cert. denied, 434 U.S. 1038 (1978).

"Any other deficiencies in the indictment alleged by petitioner are solely matters of state law and so not cognizable in a federal habeas proceeding."  Roe, 316 F.3d at 570 (quoting Mira v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986)).  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  There is no constitutional requirement of a grand jury indictment in a state criminal proceeding.  Branzburg v. Hayes, 408 U.S. 665, 688 n.25 (1972); Hurtado v. California, 110 U.S. 516 (1884).

The petition should not be granted on the basis of the third  ground.


## VI.  DOUBLE JEOPARDY

The fourth ground asserts that Coleman was subject to a violation of the Double Jeopardy Clause, alleging that the "two branches of government independently  punished [him] twice for the same offense."

Coleman raised this argument on direct appeal, claiming that his parole revocation hearing (he was on parole as a result of prior criminal offenses), and his criminal prosecution resulted in his being punished twice for the kidnapping and assault offenses.  (Doc. 8, RX 12, at 12-13.)  The state court of appeals rejected his double jeopardy argument.  (Doc. 8, RX 13, at 3.)

At the time that Coleman committed the offenses for which he was convicted in this case, he was on parole for prior criminal convictions.  After his arrest in this case, a revocation hearing was held.  The parole board's decision noted:

> Inmate was returned to the institution for technical violations of parole (1) inmate assaulted and restrained female victim (2) failed to follow APA instructions (3) consumed alcohol (4) had drug paraphernalia under his control (5) used marijuana and cocaine.

(Doc. 8, RX 12, [Exh. A, Ohio Parole Board Decision, at 1].)  The first violation listed related to the criminal charges in this case.  The board also stated that:

> He has been on supervision several times and revoked each time for new criminal convictions and/or technical parole violations.  Inmate has a history of violence and current technical violations found inmate guilty of assaultive behavior.  Based on above factors, panel determined that inmate is not suitable for release.

Id. at 3.  Thus, Coleman's parole for a previous offense was revoked, and he was subject to serve a fuller period of incarceration under that sentence.

The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from being placed in jeopardy twice for the same offense, and from multiple punishments for the same offense. Arizona v. Washington, 434 U.S. 497, 503 (1978) (citing Benton v. Maryland, 395 U.S. 784 (1969)); North Carolina v. Pearce, 395 U.S. 711, 717 (1969); United States v. McGowan, 960 F.2d 716, 718 (8th Cir. 1992); Averhart v. Tutsie, 618 F.2d 479, 483 (7th Cir. 1980).  The scope of the Double Jeopardy Clause is limited to criminal prosecutions. Godfrey v. Diguglielmo, No. 06-150, 2008 WL 819006, at *5 (E.D. Pa. Mar. 25, 2008) (habeas case).

The Double Jeopardy Clause does not apply to parole revocation proceedings. United States v. Marmolejo, 915 F.2d 981, 983 (5th Cir. 1990); Jones v. Fraser, No. 96CV5484, 1998 WL 355341, at *4 (E.D. N.Y. May 8, 1998) (citing Priore v. Nelson, 626 F.2d 211, 217 (2d Cir. 1980)).   A parole revocation hearing is not a criminal proceeding. McGowan, 960 F.2d at 718; Marmolejo, 915 F.2d at 983.  A revocation proceeding necessarily occurs after a defendant has been tried, convicted and sentenced. Marmolejo, 915 F.2d at 983.  A denial or revocation of parole does not impose a new sentence; rather, the prisoner is incarcerated under a validly imposed existing sentence. Averhart, 618 F.2d at 483.  That is exactly what happened to Coleman here.

14

Coleman has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the fourth ground.

## VII.  INEFFECTIVE ASSISTANCE OF COUNSEL

The fifth and sixth grounds of the petition allege ineffective assistance of counsel.

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).
See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).  A

criminal appellant is constitutionally entitled to the effective assistance of counsel in his direct appeal, as well as at trial.  Evitts v. Lucey, 469 U.S. 387 (1985).

## A.  Trial Counsel

The fifth ground claims that trial counsel "made errors so serious as to undermine the outcome of petitioner's case." (Doc. 1, at p. 11-2.)  Coleman does not identify the specific errors that he is challenging in his habeas petition.

In his pro se brief on appeal, Coleman stated that the issue presented for review was:

> Where counsel fails to object to or cite where trial court denied jury instructions on lesser included offense, an essential duty owed to the accused is violated, and right to effective assistance of counsel is denied.

Doc. 8, RX 12, at 13.  Coleman then put forth a grab bag of alleged errors, without focusing on any error in particular.  See generally doc. 8, RX 12, at 13-14; doc. 20, at 7-8.  The state court of appeals found "no arguable basis in fact or law for [the] claim that he received ineffective assistance of counsel."  (Doc. 8, RX 13, at 3.)

As to the main issue raised by Coleman, the majority view is that the failure to instruct on lesser included offenses in noncapital cases, such as this, is not cognizable in federal habeas cases.  Bagby v. Sowders, 894 F.2d 792, 795-797 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990) (citing cases).  See also Scott v. Elo, 302 F.3d 598, 606 (6th Cir. 2002), cert. denied, 537 U.S. 1192 (2003) (citing Bagby); Campbell v. Coyle, 260 F.3d 531, 541 (6th Cir. 2001), cert. denied, 535 U.S. 975 (2002) (Constitution does not require lesser included offense instruction in

16

non-capital cases, citing Bagby).  Also, an allegation that an instruction may be incorrect under state law is not a basis for habeas relief.  Todd v. Stegal, No. 00-2203, 2002 WL 554500 (6th Cir.  Apr. 12, 2002) (per curiam), cert. denied, 537 U.S. 981 (2002) (citing Estelle v. McGuire, 502 U.S. 62, 71-72 (1991)).

Having reviewed Coleman's various assertions on direct appeal concerning his counsel's ineffectiveness, and given the vague claim in his habeas petition, this court cannot find that Coleman has shown that there is a reasonable probability that, but for counsel's alleged errors, the result of his trial  would have been different.  Coleman has failed to establish that the state court decision was contrary to clearly established federal law, as determined by the Supreme Court.

### B.  Appellate Counsel

The sixth ground is that appellate counsel was ineffective "for not arguing that his indictment for Kidnapping was defective."  Coleman contends that "Appellate counsel acted with unreasonable diligence and promptness in representing the defendant."  (Doc. 1, at p. 11-2.)

In his Rule 26(B) motion to reopen, Coleman argued that appellate counsel was ineffective for failing to raise the issue of the allegedly faulty indictment.  (Doc. 8, RX 17.)  He argued that he was prejudiced "because there is a reasonable probability that this court would have reversed" his conviction on that basis.  Id. at 4.  However, as mentioned earlier, the court of appeals ruled that counsel could not have been ineffective for failing to raise that issue, because the indictment included a mens rea element.  (Doc. 8, RX 18, at 1,citing State v. White, No. CA2008-02-046,

2009 WL 1743709, at *1 (Ohio Ct. App. June 22, 2009); State v. Davis, No. 08AP-443, 2009 WL 790413, at *8 (Ohio Ct. App. Mar. 26, 2009); and other cases.)

Thus, Coleman has failed to show that appellate counsel's performance fell below an objective standard of reasonableness.  Coleman has failed to establish that the state court decisions concerning ineffective assistance were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the fifth or sixth grounds.

## VIII.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Coleman has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

<u>RECOMMENDATION</u>

It is recommended that petition for a writ of habeas corpus be denied.


Dated:  <u>  Dec. 27, 2011     </u>                    <u>  /s/ Kenneth S. McHargh      </u>
                                                      Kenneth S. McHargh
                                                      United States Magistrate Judge

     ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).