UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWIN L. COLEMAN, | ) | Case No. 3:10 CV 1557 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| [MICHAEL SHEETS], Warden, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro Se* Petitioner Edwin L. Coleman has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). (**Doc #: 1**.) The six asserted grounds for relief arise out of his 2007 state court jury convictions for kidnapping and felonious assault. After reviewing the Petition, the Return of Writ (Doc #: 8), the Traverse (Doc #: 20) and the record, Magistrate Judge Kenneth S. McHargh issued a Report and Recommended Decision of Magistrate Judge ("R&R"). (**Doc #: 21**.) The Magistrate Judge recommends that the Court deny the Petition on the merits because Coleman has failed to establish that the state court decisions he challenges were contrary to, or involved an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court. (Id.) Coleman has now filed an Objection to R&R ("Objection"). (**Doc #: 21**.) The Court overrules the Objection for two reasons.

First, the arguments Coleman raises in the Objection are no different than the arguments the Magistrate Judge reviewed and passed upon in the R&R.  Second, Coleman has failed to respond to the Magistrate Judge's determinations that:

•Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas corpus relief cannot be granted on the ground that the evidence introduced at trial was obtained in an unconstitutional search or seizure;

•Alleged state court errors of evidentiary rulings do not rise to the level of constitutional claims warranting habeas relief unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process, something Coleman has failed to show;

•The indictment included a mens rea element, Coleman's failure to object to the indictment before trial constitutes a waiver of that issue, and the sufficiency of the indictment cannot be reviewed in habeas proceedings;

•The Double Jeopardy Clause does not apply to parole revocation proceedings;

•Trial counsel's failure to object to the lack of a lesser-included offense instruction does not constitute ineffective assistance where the failure to instruct on lesser-included offenses in noncapital cases is not cognizable in federal habeas cases, and the allegation that an instruction maybe incorrect under state law is not a basis for habeas relief;

•Appellate counsel was not ineffective for failing to raise the issue of the defective indictment on appeal because the indictment included a mens rea element.

(See Doc #: 21, at 7-18.)

Accordingly, the Court **OVERRULES** the Objection (**Doc #: 23**),  **ADOPTS** the thorough and well-written R&R (**Doc #: 21**),  and **DENIES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     March 2, 2012*
**Dan Aaron Polster**
**United States District Judge**